# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * *
LAURA BRODBECK,                         *
                                        *   No. 17-344V
                Petitioner,             *
                                        *   Special Master Christian J. Moran
                                        *
v.                                      *   Filed: August 27, 2021
                                        *
SECRETARY OF HEALTH                     *   Attorneys' Fees and Costs
AND HUMAN SERVICES,                     *
                                        *
                Respondent.             *
* * * * * * * * * * * * * * * * * * * * *
```

Howard S. Gold, Gold Law Firm, LLC, Wellesley Hills, MA, for Petitioner;
Dhairya D. Jani, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On December 24, 2020, petitioner Laura Brodbeck moved for final attorneys' fees and costs. She is awarded **$21,688.09**.

\* \* \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On March 14, 2017, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. The petition alleged that the influenza vaccine she received, which is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a), caused her to suffer brachial neuritis. Following the submission of expert reports and settlement discussions, the parties filed a stipulation on October 16, 2020, which the undersigned adopted as his decision awarding compensation on October 19, 2020. 2020 WL 6748467 (Fed. Cl. Spec. Mstr. Oct. 19, 2020).

On December 24, 2020, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $20,119.50 and attorneys' costs of $2,682.42 for a total request of $22,801.92. Fees App. at 1. Pursuant to General Order No. 9, petitioner states that she has not personally incurred any costs in pursuit of this litigation. Id. On December 30, 2020, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

*   *   *

In this case, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1).

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

2

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates for the work of her attorney, Mr. Howard Gold: $370.00 per hour for work performed in 2016, $380.00 per hour for work performed in 2017, $390.00 per hour for work performed in 2018, $400.00 per hour for work performed in 2019, and $410.00 per hour for work performed in 2020. These rates are consistent with what Mr. Gold has previously been awarded for his Vaccine Program work and the undersigned finds them to be reasonable here as well. See Ruppenthal v. Sec'y of Health & Human Servs., No. 13-183V, 2019 WL 3933852, at *2 (Fed. Cl. Spec. Mstr. Jul. 29, 2019). However, the requested hourly rate for paralegal work exceeds what has previously been awarded to Mr. Gold's firm. Id. at *2 (awarding $125.00 per hour for paralegal work prior to 2018 and $135.00 per hour thereafter). In this case, all paralegal time was billed at $150.00 per hour. Because 2.7 hours were billed prior to 2018 and 1.7 hours were billed after 2018, the undersigned shall reduce the final award of attorneys' fees by $93.00.

B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, the undersigned finds the billed hours to be largely reasonable. However, a paralegal billing entry on 4/15/17 for compiling medical records into a single document and preparing a notice of

filing billed for 1.8 hours appears excessive in the undersigned's experience. Based upon the amount of time other entries for preparing a notice of filing were billed at, the undersigned will credit counsel with 0.3 hours for this task, resulting in a reduction of 1.5 hours for a total amount of $187.50. Petitioner is therefore awarded final attorneys' fees in the amount of $19,839.00.

### C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $2,682.42 in costs, comprised of acquiring medical records, the Court's filing fee, and work performed by petitioner's expert, Dr. Martin Lanoff in preparing two expert reports. Fees App. at 11. These costs are typical of Vaccine Program litigation and petitioner has provided adequate documentation to support them. The work performed by Dr. Lanoff, however, requires a reduction.

Dr. Lanoff is a private practitioner in adult and pediatric orthopedics and is board certified in physical medicine and rehabilitation. Petitioner has requested that Dr. Lanoff be compensated at $600.00 per hour for 3 hours 20 minutes of work. However, an hourly rate that high has not been endorsed by any special master for any medical expert work in the Vaccine Program. Moreover, Dr. Lanoff's work in this case was lacking – as noted in the undersigned's order issued on July 18, 2019, "the report does not comply with the expert instructions issued on June 1. 2018, in that the medical history does not contain any citations to the medical records nor is it clear where in the medical history Dr. Lanoff has added commentary. Moreover, the report does not address two of the Althen prongs . . . ." This necessitated the submission of a short supplemental report. Based on the foregoing, the undersigned finds that an hourly rate of $350.00 per hour is appropriate for Dr. Lanoff's work in this case and an appropriate amount for that work is therefore $1,166.67.

### E. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$21,688.09** (representing $19,839.00 in attorneys' fees and $1,849.09 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and Gold Law Firm, LLC.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.